# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS M. BOYLE,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 1:12-cv-00954-SMS<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 2) |

### Screening Order

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff Dennis M. Boyle, proceeding *in forma pauperis*, by his attorneys, Law Offices of Lawrence D. Rohlfing, filed his complaint on June 13, 2012. Because Plaintiff's complaint fails to state a claim upon which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii) requires this Court to dismiss it.

**I.    Screening Requirement**

The statutory privilege of proceeding *in forma pauperis* is a privilege, not a right. *Williams v. Field*, 394 F.2d 329, 332 (9th Cir.), *cert. denied*, 393 U.S. 891 (1968); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.), *cert. denied,* (1965). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785

///

1  (11th Cir. 1984). Accordingly, the statute requires the Court to screen any case in which a
2  plaintiff proceeds *in forma pauperis*, as provided in 28 U.S.C. § 1915. Screening is required
3  even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of
4  social security disability benefits. *See, e.g.*, 42 U.S.C. § 405(g) (establishing conditions under
5  which a claimant of social security benefits may seek judicial review of the Commissioner's
6  determination). A court must dismiss any case, regardless of the fee paid, if the action or appeal
7  is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks
8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B).

## II.  Cognizable Claim

In determining whether a complaint fails to state a cognizable claim, a court applies substantially the same standard applied in motions to dismiss pursuant to F.R.Civ.P. 12(b)(6). *Gutierrez v. Astrue*, 2011 WL 1087261 at *1 (E.D.Cal. March 23, 2011) (No. 1:11-cv-00454-GSA). "The focus of any Rule 12(b)(6) dismissal . . . . is the complaint." *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). A court must dismiss a complaint, or portion of a complaint, for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim(s) that would entitled the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When a court reviews a complaint under this standard, it must accept as true the complaint's allegations (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pleadings in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

### A.  Short and Plain Statement

The sufficiency of a complaint is first determined by referring to F.R.Civ.P. 8(a) which requires that a civil complaint contain:

> (1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

///

1    (2)    a short and plain statement of the claim showing the pleader is entitled to relief; and

2
3    (3)    a demand for the relief sought which may include relief in the alternative or different types of relief.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). A complaint appealing the Commissioner's decision denying social security disability benefits is not exempt from the general rules of civil pleading. "While [42 U.S.C.] § 405(g) does not require that a complaint spell out the basis upon which relief might be granted, Rule 8(a) requires a civil plaintiff to assert the basis upon which he grounds his claim." *Brown v. Astrue*, 2011 WL 3664429 at *2 (D. N.H. August 19, 2011) (No. 11-cv-056-JL). The complaint must "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. In preparing his amended complaint, Plaintiff should state specifically why the facts of his situation did not support those of the ALJ's legal conclusions that he contends where not supported by substantial evidence.

### B.  Principles of Pleading

#### 1.  Factual Allegations and Legal Conclusions

Determining a complaint's sufficiency invokes two underlying principles of pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). First, the Court must accept as true the well-pleaded factual allegations of the complaint. *Twombly*, 550 U.S. at 555. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56

3

(*internal quotation marks and citations omitted*).  A complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong.  *Brown*, 2011 WL 3664429 at *3.  *See also Demetriades v. Astrue*, 2011 WL 4079054 (W.D.Va. September 13, 2011) (No. 7:11-cv-00407) (dismissing case without prejudice for failure to state a plausible claim for relief as a result of insufficient factual allegations); *Ormsby v. Astrue*, 2011 WL 3625101 at * 2, *adopted by* 2011 WL 3625095 (M.D. Fla. August 4, 2011) (No. 6:11-cv-1262-ORL-22) (dismissing cursory complaint which alleged insufficient facts to state a cognizable claim).

While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A legal conclusion is a statement such as, " Plaintiff is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months."  Facts include such allegations as "Plaintiff has severe arthritis, peripheral neuropathy, and fibromyalgia"; "Plaintiff worked as auto mechanic until June 1, 1990"; and "Plaintiff was fired from her job when she became unable to grasp her tools."

### 2.  **Plausible Claim for Relief**

The second underlying principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 679.  To permit the Court to determine that a complaint states a plausible claim for relief, based on the reviewing court's judicial experience and common sense, the well-pleaded facts must permit the court "to infer more than a mere possibility . . . . 'that the pleader is entitled to relief.'"  *Id.*, *quoting* F.R.Civ.P. 8(a)(2).  The Supreme Court explained:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions

4

can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

*See also Cook v. Astrue*, 2012 WL 812380 at *2 (E.D.Cal. March 9, 2012) (No. 1:12-cv-00347-GSA) (construing that the facts alleged in the complaint related to two legal conclusions); *Sanchez v. Astrue*, 2011 WL 1549307 (E.D. Cal. April 21, 2011) (No. 1:11-cv-00607-GSA). This means that the Court cannot accept a legal conclusions set forth in a complaint if the plaintiff has not supported his or her contentions with facts. For example, if a plaintiff alleges only that he or she is not capable of performing past work without setting forth facts that prove that he or she cannot do that work, the Court cannot assume that the contention is true.

### C. Other Necessary Allegations

Because the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). *See also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Accordingly, a complaint appealing the Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s). *Cook*, 2012 WL 812380 at *3; *Sanchez*, 2011 WL 1549307 at *2-3; *Gutierrez*, 2011 WL 1087261 at *3. A plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome. *Id. See also Pierre*, 2012 WL 1066811 at * 3 (requiring a plaintiff to allege facts supporting the conclusion that Commissioner rendered a final decision in the application below); *Ormsby*, 2011 WL 3625101 at * 2.

### III. Conclusion and Order

In rejecting Brown's complaint appealing the Commissioner's denying him benefits, the Court observed, ""The complaint's sole assertion of a basis for relief is that Brown feels the SSA decision was wrong." *Brown*, 2011 WL 3664429 at *2. Every plaintiff appealing an adverse

1  decision of the Commissioner believes that the Commissioner was wrong.  The purpose of the
2  complaint is to briefly and plainly allege facts supporting the legal conclusion that the
3  Commissioner's decision was wrong.  *Id.* at *3.  Plaintiff's amended complaint should do so.
4      Because the complaint fails to allege facts sufficient to state a claim upon which relief can
5  be granted, this Court will dismiss it. The Court will provide Plaintiff with an additional
6  opportunity to file an amended complaint curing the deficiencies identified by the Court in this
7  order.  Plaintiff must revise his complaint to allege facts sufficient to support a cognizable claim.
8  Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended
9  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).
10     Plaintiff's amended complaint should be brief, but must allege sufficient facts to establish
11 his cause of action. Fed. R. Civ. P. 8(a).  Plaintiff should focus on setting forth, as briefly but
12 specifically as possible, the facts necessary to state a claim on which relief may be granted.
13 Plaintiff must avoid including unnecessary language, as well as advocacy and argumentation
14 more appropriate in his opening brief, which is to be submitted later.
15     Plaintiff is advised that an amended complaint supercedes all prior complaints, *Forsyth v.*
16 *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*,
17 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior
18 or superceded pleading."  Local Rule 15-220.  "All causes of action alleged in an original
19 complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567;
20 *accord Forsyth*, 114 F.3d at 1474.
21     Based on the foregoing, it is HEREBY ORDERED that:
22     1.  Plaintiff's complaint is dismissed with leave to amend for failure to state facts
23         sufficient to state a claim on which relief may be granted;
24     2.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file
25         an amended complaint curing the deficiencies identified by the Court in this order;
26         and
27 ///
28 ///

3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **June 19, 2012**                                    /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE