# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BOYLE,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 1:12-CV-00954-SMS<br><br>ORDER REVERSING AGENCY'S<br>DENIAL OF BENEFITS AND<br>REMANDING FOR<br>PAYMENT OF BENEFITS<br><br>(Doc. 26) |

Plaintiff Dennis Boyle, by his attorneys, Law Offices of Lawrence D. Rohlfing, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits pursuant to Title II and for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act (42 U.S.C. § 301 *et seq.*) (the "Act").  Plaintiff contends and the Commissioner concedes that the ALJ failed to provide legally sufficient reasons for his rejection of Plaintiff's testimony.  The parties disagree only on whether this Court should remand for payment of benefits or remand to permit the ALJ to reassess Plaintiff's credibility and to reassess Plaintiff's residual functional capacity.  For the reasons set forth in this opinion, the Court will reverse the Commissioner's decision and remand for payment of benefits.

I.    **Procedural History**

On April 30, 2004, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability arising from his severely arthritic knees.  The Commissioner

*///*

1

initially denied the claim on August 30, 2004, and upon reconsideration, on December 6, 2004.  On December 17, 2004, Plaintiff filed a timely request for a hearing.

Plaintiff appeared and testified at a hearing on March 29, 2006.  On July 27, 2006, Administrative Law Judge James E. Ross denied Plaintiff's application.  The Appeals Council denied review on October 11, 2006.  On December 7, 2006, Plaintiff filed a complaint seeking this Court's review.  On February 25, 2008, the Magistrate Judge recommended that the Commissioner's decision be reversed and the case remanded for further proceedings to permit the ALJ to perform a legally sufficient analysis of the medical opinion evidence, including updated, post-surgery records and opinions, and to either perform a legally sufficient analysis of Plaintiff's credibility or credit his testimony.  The District Judge adopted the findings and recommendations on April 1, 2008.

At a hearing before ALJ James P. Berry on November 20, 2008, Plaintiff, his wife Michelle Boyle, and vocational expert Cheryl R. Chandler appeared and testified.  ALJ Berry again concluded that Plaintiff was not disabled, finding that he had the residual functional capacity to lift and carry 20 pounds occasionally and ten pounds frequently; to sit, stand, or walk six hours each in an eight-hour work day; could occasionally climb ramps and stairs but never climb ladders, ropes and scaffolds; and required a cane to assist with walking.  Plaintiff filed a statement of exception on December 3, 2008.  On August 12, 2010, the Appeals Council remanded the matter to the ALJ, instructing him to (1) give further consideration to treating and examining sources; (2) to consider the lay evidence of record, articulating the weight given to each lay witness's testimony and the reasons for the ALJ's credibility assessment; (3) to further evaluate Plaintiff's subjective complaints and to provide rationale based in applicable law; (4) to evaluate Plaintiff's obesity; (5) to further assess Plaintiff's residual functional capacity, providing appropriate rationale with specific reference to evidence of record; and if necessary, to supplement the testimony of the vocational expert.

Plaintiff and vocational expert Jose L. Chaparro appeared and testified at a hearing before ALJ Berry on February 17, 2011.  ALJ Berry again found Plaintiff not to be disabled in a hearing decision dated March 22, 2011.  The Appeals Council denied review on April 18, 2012.  Plaintiff filed the complaint in this action on June 13, 2012.

///

2

**II.   Discussion**

When a court reverses the decision of an administrative agency, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002), *quoting Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  "The general rule is that when an administrative agency has abused its discretion or exceeded its authority, a court should remand the matter to the agency for further consideration." *UOP v. United States*, 99 F.3d 344, 351 (9th Cir. 1996), *quoting Abramowitz v. US EPA*, 832 F.2d 1071, 1078 (9th Cir. 1987).  Social Security disability appeals are sometimes treated as exceptions through application of the credit-as-true rule.

In *Varney v. Sec'y of Health and Human Serv.,* 859 F.2d 1396, 1398-99, 1401 (9th Cir. 1988), the Ninth Circuit adopted the rule, adopted earlier by the Eleventh Circuit, holding that when an ALJ fails to articulate sufficient reasons for rejecting a claimant's subjective pain testimony, the Commissioner must accept that testimony as a matter of law.  *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009).  The Court limited the holding to cases in which "there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited." *Id.*, *quoting Varney*, 859 F.2d at 1401. The credit-as-true rule is intended to discourage ALJs from first deciding a claimant's status, then attempting to ignore any evidence in the record suggesting a contrary result.  *Vasquez*, 572 F.3d at 594.  "In cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony." *Varney*, 859 F.2d at 1401.  *See also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (remanding for payment of benefits where the only issue was the credibility of the claimant's subjective pain testimony).

As the Commissioner points out in her brief, Ninth Circuit case law is considered to be split over whether the credit-as-true rule is mandatory in this circuit. "[E]ven under the line of cases holding that the "credit as true" rule is discretionary, Ninth Circuit precedent holds that where no

3

further proceedings are necessary to make a disability determination, it is an abuse of discretion to remand for further proceedings." *Beckett v. Comm'r, Social Sec. Admin.*, 2011 WL 4006644 at *3 n. 1 (D. Or. Sept. 6, 2011) (No. 3:09-cv-01052-JO), *citing Benecke v. Barnhart*, 379 F.3d 587, 596 (9th Cir. 2004). Indeed, as it was expressed in *Vasquez* and *Varney*, the credit-as-true rule, by its own terms, does not apply in the cases in which additional findings are required. *See, e.g., Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (remanding for proper consideration of whether the claimant's impairments were equivalent to a listing since the ALJ was in a better position to evaluate the medical evidence). Since the Commissioner concedes the agency's repeated error of declaring Plaintiff's testimony not credible without advancing any basis for its conclusion, no additional findings are required in this case.

In *Benecke*, 379 F.3d at 595, the Court distinguished disability appeals in which the ALJ has already addressed the issue in question, but erred, from cases such as *Ventura*, in which the case must be remanded to the ALJ "for additional investigation or explanation." The Court added, "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id. See also Moisa*, 367 F.3d at 887 (observing that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than Moisa, had he lost, should have an opportunity for remand and further proceedings"). The Commissioner would have this Court remand for a fourth hearing that would require Plaintiff "to present new evidence and testimony," and would allow the ALJ to "re-assess Plaintiff's residual functional capacity in light of the medical evidence of record, re-assess the credibility of Plaintiff's subjective complaints as well as Plaintiff's ability to work, and issue a new decision, if any, consistent with [this Court's 2008 determination]." Doc. 26 at 1-2. In other words, "tails, let's play again."

The credit-as-true rule acknowledges the "tremendous financial difficulties" that disabled and unemployed claimants face "while awaiting the outcome of their appeals and proceedings on remand." *Benecke*, 379 F.3d at 595, *quoting Varney*, 859 F.2d at 1398. Such financial difficulties include, but are not limited to, litigation expenses as well as delays in receiving the disability benefits to which the claimant is entitled. In this case, Plaintiff has awaited resolution of his claim

1    for benefits for over nine years.  Where, as here, the ALJ has improperly discredited evidence and

2    the record establishes the claimant's entitlement to disability benefits, a district court abuses its

3    discretion by remanding for further proceedings instead of remanding for an award of benefits.

4    *Benecke*, 379 F.3d at 596.  *See also Chan Wai King v. Sullivan*, 757 F.Supp. 179, 188 (E.D. N.Y.

5    1991) (declining to remand a seven-year-old case that had already been remanded once, finding ALJ

6    had failed to evaluate the evidence in good faith).

7         The Commissioner advocates that we remand for further proceedings, insisting that "[t]here

8    remain outstanding issues that need to be resolved by the Commissioner," but never identifies what

9    issues remain.  Doc. 26 at 4.  Since the record is complete and the outcome depends solely on

10   Plaintiff's credibility, which the agency concedes that it has failed to address in three separate

11   hearing decisions, her argument is not persuasive.  To the contrary, the agency's repeated failure to

12   properly consider the evidence in light of applicable law to resolve this over-nine-year-old case

13   epitomizes the policy underlying the credit-as-true rule disfavoring an agency practice of first

14   deciding a claimant's status, then attempting to ignore any evidence in the record suggesting a

15   contrary result.

16   **III.    Conclusion**

17        "The court shall have the power to enter, upon pleadings and transcript of record, a

18   judgment affirming, modifying, or reversing the decision of the Secretary, with or without

19   remanding the cause for a rehearing."  42 U.S.C. § 405(g).  In social security cases, the decision to

20   remand to the Commissioner to award benefits is within the court's discretion.  *McAllister v.*

21   *Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  "If additional proceedings can remedy defects in the

22   original administrative proceedings, a social security case should be remanded.  Where, however, a

23   rehearing would simply delay receipt of benefits, reversal and an award of benefits is appropriate."

24   *Id*.  If the record is fully developed and further administrative proceedings will serve no useful

25   purpose, a reviewing court should reverse and remand for an award of benefits.  *Varney*, 859 F.2d at

26   1399.

27        This Court hereby orders that the administrative determination be REVERSED and the case

28   REMANDED for payment of benefits.  The Clerk of Court is hereby directed to ENTER

JUDGMENT in favor of Plaintiff Dennis Boyle and against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **August 8, 2013**                               **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE

6