1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DENNIS BOYLE,

          Plaintiff,

   v.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

          Defendant.

Case No. 1:12-cv-00954-SMS

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

(Doc. 30)

      Plaintiff moves the Court to grant attorneys' fees of $20,577.57 under 42 U.S.C. § 406(b). Defendant Commissioner did not file a responsive brief.  Having reviewed the motion and its supporting documentation, as well as the case file, the Court awards the requested attorneys' fees, net of the $4400.00 amount previously awarded as attorneys' fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(D).

## I.    Legal and Factual Background

      On May 22, 2012, Plaintiff and attorney Steven G. Rosales of the Law Offices of Lawrence D. Rohlfing ("attorneys") entered a contingent fee agreement, providing payment to attorneys of twenty-five per cent of Plaintiff's past due benefits in the event the attorneys were able to secure Plaintiff's claim for disability benefits.  On June 13, 2012, Plaintiff filed a complaint in this Court

1

appealing the Commissioner's denial of his application for disability benefits.  On August 12, 2013, pursuant to the Commissioner's motion for remand, the Court reversed the agency's denial of benefits and remand the matter to the agency for calculation and payment of benefits.

On September 10, 2013, the agency notified Plaintiff of the award of monthly disability benefits beginning in October 2013.  Twenty-five percent of Plaintiff's past due benefit total of $82,310.27 equals $20,577.57.  Previously, the parties stipulated and the Court ordered paid to Plaintiff a fee of $4400.00 under the Equal Access to Justice Act (EAJA).  Plaintiff now requests attorneys' fees of $20,577.57 less the previously granted EAJA fees of $4400.00.

## II.   Discussion

> Whenever a court renders judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . .

42 U.S.C. § 406(b)(1)(A).

The Court must review contingent–fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements, taking into account both the character of the representation and the results achieved.  *Gisbrecht*, 535 U.S. at 808.  Congress has provided a single guideline: Contingency agreements are unenforceable to the extent that they provide for fees in excess of twenty-five per cent of past-due benefits.  *Id.* at 807.  Within the twenty-five per cent corridor, the attorney for a successful claimant must demonstrate that the fee is reasonable for the services that he or she provided.  *Id.*

"District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases."  *Harris v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no

2

compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, the attorneys secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

## III.    Conclusion and Order

This Court hereby GRANTS Plaintiff's petition for attorneys' fees of $20,577.57, net of the fee of $4400.00 previously awarded under the Equal Access to Justice Act (EAJA), for a total amount payable to Plaintiff's attorneys of $16,177.57. The Commissioner shall pay the balance of funds withheld from Plaintiff's past due benefits, $4400.00, to Plaintiff.

IT IS SO ORDERED.

Dated:    **December 18, 2013**                    **/s/ Sandra M. Snyder**
                                                              UNITED STATES MAGISTRATE JUDGE